UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANGEL CORDERO,                              :
                                            :     05 Civ. 9758 (SHS)
                          Petitioner,       :
                                            :     OPINION & ORDER
            -against-                       :
                                            :
ISRAEL RIVERA,                              :
                                            :
                          Respondent.       :
                                            :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

  Petitioner Angel Cordero seeks a writ of habeas corpus pursuant to 22 U.S.C. § 2254. As initially filed in October 2005, the petition sought relief based on five asserted claims of error stemming from Cordero's June 2000 New York state court conviction for robbery, attempted murder, assault, and resisting arrest. However, in February 2007, this petition was stayed at Cordero's request so as to allow a New York state court to review "newly discovered evidence" that Cordero claimed established his innocence. That evidence—a confession by another man, Dario Rodriguez, to having committed these crimes—was evaluated by a state court judge who concluded, by decision dated January 22, 2008, that the confession was not credible and thus did not warrant granting Cordero post-conviction relief.

  Thereafter, this petition resumed, and, on April 2, 2009, Magistrate Judge Ronald L. Ellis issued a Report and Recommendation summarizing the factual and procedural history of petitioner's state conviction and appeals process, addressing the five claims raised in Cordero's initial petition, and recommending that the petition be denied as

meritless. The Report declined to address Cordero's newly discovered evidence claim, finding that while the claim had been brought to the magistrate judge's attention, Cordero had failed to formally amend his petition to include it.

Petitioner filed timely objections to the magistrate's Report and Recommendation, objecting both to its failure to consider the newly discovered evidence claim and to its recommendation that each of petitioner's remaining claims be rejected. In particular, Cordero contends the newly discovered evidence claim "relates back" to his initial petition and is therefore timely and should be considered. With respect to the claims the Report did address, Cordero argues the magistrate judge wrongly concluded each was insufficient to warrant granting habeas relief.

The Bronx county district attorney's office responded to those objections, arguing that the Report correctly found both that petitioner's initial claims were insufficient and that the newly discovered evidence claim should not be considered because Cordero never formally amended his petition to include it. With respect to that newly discovered evidence claim, respondent argued further that even had the magistrate judge considered it, he would have found it insufficient for the reasons set forth by the state court judge— i.e., the confession was not credible and thus not likely to have altered the outcome of Cordero's initial trial.

After de novo review of the magistrate's Report and Recommendation, petitioner's objections, and respondent's submissions in opposition to those objections, see 28 U.S.C. § 636(b)(1)(B and C), the Court adopts the Report's finding that none of petitioner's five initial claims is sufficient to warrant granting the writ of habeas corpus.

With respect to the newly discovered evidence claim, the Court will construe petitioner's objections to the Report and Recommendation as a request to amend his petition to include that new claim. The Court will allow the amendment as one that "relates back" to the initial, timely habeas petition because it arises from the same "conduct, transaction, or occurrence" giving rise to one of his initial claims, specifically, his claim that Rodriguez perjured himself at trial. See Fed. R. Civ. P. 15(c)(1)(B); cf. Mayle v. Felix, 545 U.S. 644, 664 (2005). Moreover, because the interests of justice and judicial efficiency counsel in favor of adjudication of the claims raised and all parties have now had an opportunity to brief the issues raised by Cordero's newly discovered evidence, no party will be prejudiced by consideration of that claim at this time. See Fed. R. Civ. P. 15(a)(2); see also Sanofi-Synthelabo v. Apotex, Inc. No. 02 Civ. 2255 (SHS), 2006 U.S. Dist. LEXIS 80203, at *4 (S.D.N.Y. Nov. 2, 2006) (leave to amend should be "freely granted" absent evidence of prejudice to opposing party).

Accordingly, while adopting Magistrate Judge Ellis's finding and recommendation that all of petitioner's original claims are insufficient to warrant habeas relief, the Court will now address Cordero's newly discovered evidence claim as well. For the reasons set forth below, the Court concludes that claim is also insufficient to warrant the relief petitioner seeks. Accordingly, Cordero's petition—including his newly discovered evidence claim—is denied in full.

I.     **BACKGROUND**

While a full account of the factual and procedural history of this case is contained in Magistrate Judge Ellis's Report and adopted by this Order, the Court revisits portions

of that history here for the limited purpose of addressing petitioner's newly discovered evidence claim:

In the early morning hours of May 16, 1999, Jason Mercado was walking home in the Bronx when he was assaulted and robbed by a group of five individuals. (Trial Transcript ("Tr.") at 157, 163.) Cordero, who was in the immediate vicinity, was arrested along with his co-defendant Ramon Rivas, by four plain clothes police officers who witnessed the attack from their unmarked car. (Id. at 43-36.) Cordero was charged with robbery, attempted murder, assault, and resisting arrest.

Cordero was tried before a jury in Bronx County Supreme Court in June of 2000. At trial, the prosecution presented five eyewitnesses—Mercado, and the four police officers—each of whom testified that Cordero participated in the assault and robbery resulting in his arrest. (Id. at 43-48; 144-45; 253; 356; 434.) Despite that testimony, the defense's theory of the case was that Cordero, who had no criminal history at the time, had been wrongly identified, (id. at 785, 838), and that the real assailant was Dario Rodriguez, a neighborhood drug dealer and gang member. In support of that theory, Cordero put on three witnesses at trial each of whom attested to their personal knowledge of Rodriguez's involvement in the attack on Mercado. (Id. at 618, 654, 723.)

In rebuttal, the prosecution relied on the testimony of Mercado who expressly rejected the possibility that Rodriguez instead of Cordero had attacked him (id. at 18, 180) as well as on the testimony of Rodriguez himself who testified that while he had seen the commotion from a distance, he had not actually been involved in the attack. (Id. at 893-94.)

4

On June 29, 2000, after two days of deliberations, the jury returned a guilty verdict, convicting petitioner Cordero and his co-defendant Rivas on all counts. (Id. at 1190-92.) Cordero then exhausted his state court appeals before filing the instant petition on October 17, 2005.

Approximately one year later, on November 28, 2006, Dario Rodriquez signed a notarized, four-page statement in which he confessed that he—not Cordero—had stabbed Mercado on May 19, 1999. In that statement, Rodriguez further admitted that he perjured himself in his testimony at Cordero's trial and averred that, despite his initial testimony, Cordero had not been involved in the attack on Mercado at all. (Aff. of Dario Rodriguez dated Nov. 28, 2006 ¶¶ 2, 4-7.)

Based on this newly discovered evidence, Cordero filed a new motion in New York state court pursuant to New York Criminal Procedure Law § 440.10 seeking to have his conviction overturned. All parties then agreed to stay proceedings in this Court pending resolution of the state court motion. (Letter from Claudia S. Tripp, Att'y for Petitioner, to Mag. Judge Ronald E. Ellis dated Feb. 28, 2007.)

On October 22, 2007, Bronx County Supreme Court Justice Harold Adler held a hearing on Cordero's section 440.10 motion at which Rodriguez testified under oath regarding his November 2006 confession. As detailed in his subsequent Decision and Order, Justice Adler found that "Rodriguez's demeanor during his testimony—his combative behavior, his strained evasions, his contrived character, his hostile refusals to answer questions, his peculiarly suppressed smiles—reflect poorly upon his credibility." People v. Cordero, Ind. No. 3393/99, Decision & Order at 16 (N.Y. Sup. Ct. Jan. 22, 2008). Moreover, given that Rodriguez's new version of the events "strongly conflicts

5

with much of the pertinent trial testimony"—including the testimony of the victim and four police officers, all of whom identified Cordero, not Rodriguez, as the assailant—Justice Adler determined that Rodriguez's attempt to exculpate Cordero were "utterly incredible and unworthy of belief." Id. Accordingly, Justice Adler denied Cordero's section 440.10 motion by order dated January 22, 2008.

This federal habeas petition then resumed, and on April 2, 2009, Magistrate Judge Ellis issued his Report recommending Cordero's petition be denied but declining to address Cordero's newly discovered evidence claim. In papers submitted to the Court in response to that Report, both parties have now had the opportunity to address the newly discovered evidence claim as well as Justice Adler's determination that Rodriquez's confession was not credible and thus did not warrant overturning Cordero's conviction.

## II.   DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court reviewing claims raised and adjudicated on the merits in state court may only grant a writ of habeas corpus if that state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000).

Where the state court decision rests on a factual determination, habeas is appropriate only if the federal court finds that the "decision . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Moreover, state court factual determinations are "presumed to be correct," and a petitioner challenging them bears the burden of

6

"rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254; see also McKinney v. Artuz, 326 F.3d 87, 101 (2d Cir. 2003) (citations omitted).

Here, Cordero's new claim—that Rodriguez's recantation of his trial testimony establishes petitioner's innocence—was fully presented to a state court which rejected it after making the factual determination, based on an evidentiary hearing at which Rodriguez testified and was subject to cross examination, that Rodriguez was "utterly incredible and unworthy of belief." People v. Cordero, Ind. No. 3393/99, Decision & Order at 16 (N.Y. Sup. Ct. Jan. 22, 2008). That adjudication on the merits and premised on the state court's firm and unequivocal factual determination is thus entitled to a presumption of correctness. Indeed, the Second Circuit instructs that "this presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility" because such "[c]redibility determinations are properly within the province of the state court that presided over the trial and evidentiary hearing." Shabazz v. Arturo, 336 F.3d 154, 161, 163 (2d Cir. 2003).

And while that required deference to the state court's finding "does not by definition preclude relief," Miller-El v. Cockrell, 537 U.S. 322, 340 (2003), it does shift the burden to petitioner to rebut that presumptive correctness of the state court finding by clear and convincing evidence. Shabazz, 336 F.3d at 161 (citing Wendra v. Thomas, 671 F.2d 713, 717 (2d Cir. 1982)); see also McKinney v. Artuz, 326 F.3d 87, 101 (2d Cir. 2003). This Cordero has not done. Indeed, the Court finds there is no basis for concluding that the state court's explicit determination that Rodriguez's recantation was not credible was unreasonable based on this record.

The state court determination was based on an evidentiary hearing at which Rodriguez testified and was subject to cross examination. In reaching its conclusion that Rodriquez's recantation was not credible the state court provided specific examples of why it found Rodriquez to be "incredible," including Rodriguez's behavior during the hearing, his professed knowledge that the statute of limitations had lapsed and he thus could no longer be prosecuted for the crime he was now "confessing" to, and the inconsistencies between Rodriguez's new testimony and the testimony and other evidence adduced at Cordero's initial trial.

In his filings before this Court, Cordero points to nothing that would draw those findings—which comport with the well-settled law of this Circuit that recantations are to be viewed as "highly suspect" Sanders v. Sullivan, 863 F.2d 218, 225 (2d Cir. 1988)— into question. He certainly does not put forward "clear and convincing evidence" that the state court's factual determination was "unreasonable" given the record the state court had before it. Accordingly, the Court finds no reason to disturb the state court's factual determination that Rodriguez's recantation was not credible and thus does not warrant post-conviction relief.

Nevertheless, where a petitioner seeks habeas relief based on alleged perjury by a trial witness, a determination that the witness's recantation "lack[s]. . . veracity" is not by itself sufficient grounds to deny the claim. Ortega v. Duncan, 333 F.3d 102, 107 (2d Cir. 2003). Instead, "the court must weigh all the evidence of perjury before it, including but not limited to the recantation, before reaching this conclusion." Id. Indeed, the Second Circuit has found it reversible error for a district court "to focus exclusively on the

8

credibility of [the] recantation and, in so doing, not to give proper weight to the other evidence of . . . perjury at trial." Id. at 108.

Here, the other evidence available to both the state court and this Court only bolsters the finding that Rodriguez testified truthfully at trial insofar as he averred that he had not been involved in the attack on Mercado. As noted by the state court and Magistrate Judge Ellis in his Report, Cordero was positively identified as the assailant by five eyewitnesses, including the victim. Moreover, the victim expressly stated during his trial testimony, when asked if Rodriguez—rather than Cordero—had attacked him:

> No, not at all. [Rodriguez]'s a, he's a face that I remember seeing in the neighborhood on more than one occasion in my life. It's the kind of thing where had I, you know, had I, you know, had I seen him when everything was happening I would have, you know, I would have recognized his face like at the time of the incident. He would have, he would have been one person that I recognized, but he wasn't, he wasn't there.

(Tr. 180.) And while petitioner now points to specific eyewitnesses who claim Rodriguez was involved and to some supporting evidence, virtually all of that testimony and evidence was presented at trial and was considered—and rejected as not credible—by the jury in the face of a body of evidence of Cordero's guilt the trial judge termed "overwhelming." (Transcript of Sentencing Proceeding dated Nov. 20, 2000 at 30.)[1]

---

[1] The only evidence Cordero relies on here that he did not present to the jury is an affidavit from the director of the women's shelter at which Rodriguez's girlfriend at the time, Janet Carasquillo, resided. The affidavit implies Carasquillo was in the shelter at the time of the assault and Cordero thus argues it belies Rodriguez's trial testimony that he was with Carasquillo the evening of the crime. (Aff. of Sister Winifred Danwitz undated ¶¶ 1-6, Ex. A to Petitioner's Objections to the Report and Recommendation.) That evidence, which does not appear to have been presented to the state court at any point, is insufficient on its own to warrant disturbing the state court's factual determination that Rodriguez's confession was not credible because, even if credited, the evidence supports only the conclusion that Rodriguez lied at trial about his companion on the night of the attack, not about his involvement in the crime.

Accordingly, review of the cumulative evidence further supports the state court's finding that Rodriguez's recantation was not credible. Petitioner's newly discovered evidence claim, thus, should be rejected.

### III. CONCLUSION

The Court thus adopts Magistrate Judge Ellis' recommendation that Cordero's habeas petition be denied in its entirety. The Court further finds for the reasons set forth above that Cordero's additional, newly discovered evidence claim is also insufficient to warrant post-conviction relief. Accordingly, IT IS HEREBY ORDERED that:

1. Magistrate Judge Ellis's Report and Recommendation dated April 2, 2009 is adopted;

2. The petition is deemed amended to include Cordero's newly discovered evidence claim, and, as amended, is dismissed on the merits;

3. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007); and

4. Pursuant to 28 U.S.C. § 1915(a) the Court certifies that any appeal from this Order would not be taken in good faith.

Dated: New York, New York
December 29, 2009

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

10